Mark F. Willimann, PCB# 065542, AZ Bar #: 017556
Attorney for Steven Katz

Mark F Willimann, Esq.
P.O. Box 91010
Tucson, AZ 85742
(520) 579-6622
mfwillimann@yahoo.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| STEVEN KATZ, | |
| Plaintiff, | CASE NO.: |
| vs. | |
| WFS FINANCIAL, INC., A CALIFORNIA CORPORATION, | |
| Defendant. | **COMPLAINT** |

Plaintiff, Steven Katz alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1) This is an action for declaratory relief under 28 U.S.C. §§ 2201-2202.

2) This Court has jurisdiction over the subject matter under 15 U.S.C. § 1681, and 28 U.S.C. § 1367.

3) Venue is proper under 28 U.S.C. § 1391(e), all matters between the parties occurred in Pima County, Arizona.

4) Plaintiff, Steven Katz is an individual who resides in Tucson, Arizona.

5) Defendant, WFS Financial, Inc., is a California Corporation headquartered at 23 Pasteur Road, Irvington, California. WFS regularly transacts business in Tucson, Arizona, with an office at 2900 East Broadway, Suite 134.

1

Mark F. Willimann, Esq.
P.O. Box 91010
Tucson, AZ 85742
(520) 579-6622
mfwillimann@yahoo.com

6) On November 26, 2003, Katz purchased a 2004 Chevrolet Cavalier at Watson Chevrolet, 602 W. Auto Mall Drive, Tucson, Arizona.

7) WFS arranged financing for Watson Chevrolet.

8) On November 26, 2003, Katz permitted WFS to obtain financial information from Trans Union as to Katz's credit worthiness.

9) WFS funded Katz's vehicle purchase, and a promissory note established the terms and conditions of the loan between the parties.

10) On November 30, 2004, Katz obtained a copy of his Trans Union "credit report."

11) This "credit report" indicated that WFS hand made for separate "inquiries" to Mr. Katz's financial credit information.

12) In October 2003, WFS checked Mr. Katz's financial credit information.

13) In April 2004, WFS checked Mr. Katz's financial credit information.

14) In July 2004, WFS checked Mr. Katz's financial credit information.

15) In November 2004, WFS checked Mr. Katz's financial credit information.

16) Katz further alleges that in January 2004, WFS checked Mr. Katz's financial credit information with the Equifax credit information center.

17) Katz agrees that WFS had permission, as well as a "permissible purpose" to receive the information only in November 2003, under 15 U.S.C. § 1682(b).

2

**FIRST CAUSE OF ACTION: WFS VIOLATED 15 U.S.C. § 1681(B)**

18) WFS had no legal authority to make any additional "credit inquiries" as to Katz's financial records in October 2003, from Trans Union.

19) WFS had no legal authority to make any additional "credit inquiries" as to Katz's financial records in April 2004, from Trans Union.

20) WFS had no legal authority to make any additional "credit inquiries" as to Katz's financial records in July 2004, from Trans Union.

21) WFS had no legal authority to make any additional "credit inquiries" as to Katz's financial records in November 2004, from Trans Union.

22) WFS had no legal authority to make any additional "credit inquiries" as to Katz's financial records in January 2004, from Equifax.

23) WFS violated 15 U.S.C. § 1682(b) each time when they inquired to the credit reporting agencies, and received Katz's financial credit information without first having a valid "permissible purpose."

24) Each of paragraphs 18, 19, 20, 21, and 22 represent a unique and actionable offense under Federal law.

**SECOND CAUSE OF ACTION: WFS OBTAINED REPORTS USING FALSE, OR MISLEADING PRETENSES**

25) Katz incorporate by this reference the allegations contained in the preceding paragraphs of this Complaint.

Mark F. Willimann, Esq.
P.O. Box 91010
Tucson, AZ 85742
(520) 579-6622
mfwillimann@yahoo.com

26) Under 15 U.S.C. § 1681(q), anybody requesting credit information must avow that they are receiving this credit information for a "permissible purpose."

27) WFS knowingly and willfully used deceptive and false pretenses to obtain Katz's credit information in October 2003, from Trans Union, by claiming that they had legal authority to this information, when, in fact, they did not.

28) WFS knowingly and willfully used deceptive and false pretenses to obtain Katz's credit information in April 2004, from Trans Union, by claiming that they had legal authority to this information, when, in fact, they did not.

29) WFS knowingly and willfully used deceptive and false pretenses to obtain Katz's credit information in July 2004, from Trans Union, by claiming that they had legal authority to this information, when in fact, they did not.

30) WFS knowingly and willfully used deceptive and false pretenses to obtain Katz's credit information in November 2004, from Trans Union, by claiming that they had legal authority to this information, when, in fact, they did not.

31) WFS knowingly and willfully used deceptive and false pretenses to obtain Katz's credit information in January 2004, from Equifax, by claiming that they had legal authority to this information, when, in fact, they did not.

32) Paragraphs 25, 26, 27, 28, and 29 are all violations of 15 U.S.C. § 1681(q).

33) WFS violated 15 U.S.C. § 1681(q) when they gave false or misleading basis for a "permissible purpose" to the credit reporting agencies in order to receive

Mark F. Willimann, Esq.
P.O. Box 91010
Tucson, AZ 85742
(520) 579-6622
mfwillimann@yahoo.com

Mark F. Willimann, Esq.
P.O. Box 91010
Tucson, AZ 85742
(520) 579-6622
mfwillimann@yahoo.com

Katz's credit information.

34) Each of paragraphs 25, 26, 27, 28, and 29 represent a unique and actionable offense under Federal law.

**PRAYER**

WHEREFORE, the Plaintiffs pray that this Court enter judgment in their favor and against Defendants, which includes:

a. order WFS to pay statutory damages in the amount of $8,000.00, as set forth in 15 U.S.C. § 1681(n)(a)(1)(A).

b. order WFS to pay attorney fees as set forth under 15 U.S.C. § 1681(n)(a)(3)

c. award plaintiffs compensatory, consequential, equitable, and restitutionary damages, exact amounts to be proven at trial, as set forth in 15 U.S.C. § 1681(n)(a)(2).

d. award such other relief as the Court may deem just and appropriate.

Respectfully submitted this 29th day of November 2005.

                                          *s/ Mark F. Willimann*
                                          Mark F. Willimann
                                          Representing Mr. Steven Katz